IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH ARNEZ DAVIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:21-cv-01231-G-BT |
| § | |
| U.S. SMALL BUSINESS § | |
| ADMINISTRATIVE OFFICE OF § | |
| DISASTER ASSISTANCE d/b/a § | |
| SBA COVID19 DISASTER § | |
| ASSISTANCE et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this *pro se* civil action to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). As explained in these Findings, Conclusions, and Recommendation, the District Court should DISMISS all of Plaintiff's claims and causes of action under Federal Rules of Civil Procedure 4(m) and 41(b) because Plaintiff Kenneth Davis has failed to properly serve the U.S. Small Business Administration (SBA) Office of Disaster Assistance (ODA) or any of the other named defendants. Additionally, or in the alternative, the District Court should GRANT Defendants Ocwen Financial Corporation (Ocwen) and Joseph Samarias's (together, the "Ocwen Defendants'") Motion to Dismiss under Rule 12(b)(6) without leave to amend. Finally, the District Court should sanction Davis for his vexatious litigation conduct by prohibiting him from

1

proceeding *in forma pauperis* in this court without obtaining prior leave to do so.

## Background

Davis purportedly applied for and was denied a $150,000 SBA disaster-relief loan for Davis's organization, Keng Davis Trust.[1] The SBA loan was never disbursed to Davis's alleged bank account at Ocwen. After electronic-mail conversations, Davis failed to follow the ODA's directions to finish the application process and the loan was apparently denied. This lawsuit followed. By his Complaint, (ECF No. 3), Davis asserts claims for breach of contract, promissory estoppel, breach of fiduciary duty, violation of the Consumer Credit Protection Act, violation of the Real Estate Settlement Procedures Act, violation of the Fair Debt Collection Practices Acts, and declaratory judgment against the Ocwen Defendants, as well as the ODA, Jeffrey Borack, Ruth Myers, Tami Perriello, and James Rivera (together with the ODA, the "Government Defendants").

## Legal Standards and Analysis

I.   <u>Davis failed to serve Defendants.</u>

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ.

---

[1] Because Davis's claims are frivolous and lack any merit, the Court will not recommend the Clerk of Court to restyle this case since the alleged injured party is Keng Davis Trust or require Keng Davis Trust to retain an attorney.

P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service *and* (2) good cause for the Court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) (citing Fed. R. Civ. P. 4(m)) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure.").

"A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte,* for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.,* 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for [his or her] failure to effect service in compliance with the rules." *Id.* (citing *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir. 1988)).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per

curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Davis filed his original Complaint on May 27, 2021. He paid the statutory filing fee one month later, on June 28, and the Court reminded him of his responsibility to properly serve the Defendants. *See* Order (ECF No. 8). The Court specifically admonished Davis that his case would be subject to dismissal if he failed to demonstrate that he had effected proper service by filing proof of service on or before August 25, 2021. *Id*. And the Court reminded Davis on August 4 of the consequences of failing to effect proper service and file proof of that service on or before August 25, 2021. (ECF No. 15). To date, Davis has failed to file proof of proper service. (ECF No. 20). And on September 27, 2021, the Clerk of Court declined to enter default because service did not comply with Rule 4. *See* Fed. R. Civ. P. 4(i), (l), (m). Accordingly, the Court should dismiss Davis's claims under Rule 4 and 41(b) of the Federal Rules of Civil Procedure.

II.     Davis failed to state a claim against the Ocwen Defendants.

Despite Davis's failure to properly serve them, the Ocwen Defendants filed a Rule 12(b)(6) motion to dismiss. The Ocwen Defendants argue (1) Davis failed to allege any Ocwen Defendants' actions or inactions to support any cause of action, and (2) each cause of action fails as a matter of law based on the few decipherable facts Davis provided.

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to

5

relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

Davis's Complaint is devoid of factual allegations against the Ocwen Defendants. Indeed, nowhere in the Complaint, aside from the caption, does Davis mention the Ocwen Defendants or attribute to any of them specific factual allegations. Davis has thus failed to state a claim against the Ocwen Defendants. And the Court pretermits the Ocwen Defendants' other arguments.

III.   Dismissal with prejudice is appropriate.

The Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Therefore, courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. However, dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

The Ocwen Defendants identified in their Motion to Dismiss glaring deficiencies in Davis's Complaint, including that Davis failed to make any specific factual allegations against the Ocwen Defendants. Davis failed to file any response

6

to the Ocwen Defendants' Motion to Dismiss and has never sought leave to amend his Complaint. Therefore, the District Court should conclude that Davis has alleged his best case against the Ocwen Defendants.

Furthermore, "[i]t is not incumbent on the court to give litigants repeated opportunities to prosecute and defend their claims," particularly when, as here, Davis advances legally frivolous claims. *Arkansas v. Wilmington Tr. Nat'l Ass'n*, 2020 WL 1249570, at *12 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (noting "judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case" (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992)))). The Court recognizes Davis's claims as consistent with the hallmarks of the sovereign-citizen movement. As such, they are legally frivolous and fatally flawed. *Brown v. Exeter Fin. LLC et al.*, 2021 WL 4342336, at *5 (N.D. Tex. Aug. 27, 2021) (collecting cases), *rec. adopted*, 2021 WL 4319666 (N.D. Tex. Sept. 23, 2021).

By way of example these "hallmarks" include that Davis claims the Court has jurisdiction to hear this case under "the Treaty of Peace and Friendship of 1787/ 1836 A.D. [sic] Between United States and Morocco" and under the "Rights of the Indigenous People." Compl. 2. Davis states that he is "Aborigine indigenous autochthonous tribal chief pastor Kenneth Arnez Davis." *Id.* at 3. His claims stem from "[o]n or around July 1, 2020, I the living indigenous man, did issue NOTICE Form COL Violation Warning Denial of Rights Under Color of Law 18 U.S.C. 242;

7

18 U.S.C. 245; 42 U.S.C. 1983 . . . ." *Id.* at 4.

Davis then sprinkles in facts that he applied for a loan through the SBA's ODA and was denied the loan. However, his claims are for breach of contract (without identifying a contract), promissory estoppel (without identifying a promise or how statute of frauds would not apply), unconscionable contract (which is not a cause of action), breach of fiduciary duty (without identifying how this duty was formed), violations of the federal Consumer Credit Protection Act for Truth in Lending on a property (without identifying the property), violations of the federal Real Estate Settlement Procedures Act on a mortgage (without identifying the property mortgaged), violation of the Fair Debt-Collection Practices Acts (without identifying a debt collector or any actions taken by them), and declaratory judgment (without having one meritorious claim). *Id.* at 4-16. And most exhibits that Davis signed contained either his inked thumbprint or his "Ambassador . . . Corporate Seal." *See, e.g.*, *id.* at 39, 45; *see also* Proof of Service 2, 5 (ECF No. 11); Proof of Service 2, 5 (ECF No. 12); Proof of Service 2, 5 (ECF No. 13); Exs. 1, 4, 5, 7, 9 (ECF No. 16).

After failing to properly serve Defendants, as previously discussed, Davis moves for entry of default by the Clerk of Court and default judgment. (ECF No. 19). The Clerk declined to enter default. Unyieldingly, Davis then filed a "Petition to Moot All Pleadings," (ECF No. 31), wherein he asserts this Court lacks jurisdiction to hear his claims and alleges claims against Defendants for fraud, illegal assignable contract, identity theft, violation of due process, and lack

8

standing. Davis states "[t]he petitioner challenge the attorneys' jurisdiction based on the fact the petitioner is a State citizen of the Republic State of Texas and therefore not subject to the court's statutory jurisdiction." *Id.* at 4. Davis concludes "[t]he elements needed to give the court jurisdiction are missing and the court cannot take jurisdiction without accepting civil liability." *Id.* at 7.

"So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens." *Mack v. Sweet*, 2017 WL 6756667, at *3-4 (N.D. Tex. Dec. 4, 2017) (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). "They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses." *Mack*, 2017 WL 6756667, at *3 (citing *Mason v. Anderson*, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016)). And sovereign citizens often attempt to use their beliefs to, among other things, "extinguish debts." *Westfall v. Davis*, 2018 WL 2422059, at *2 (N.D. Tex. May 4, 2018). But sovereign-citizen legal arguments and theories "are not valid in the courts of the United States" and have been overwhelmingly rejected for years as frivolous and "indisputably meritless." *Mack*, 2017 WL 6756667, at *3-4; *see Watson v. Tex. State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (per curiam). Further, claims "that seem to derive from the so-called 'sovereign[-]citizen movement' are legally frivolous." *Davis v. FNU LNU*, 2021 WL 3353969, at *7 (N.D. Tex. July 13, 2021) (Horan, J.) (internal quotations omitted) (quoting *Westfall*, 2018 WL 2422058, at *2 (noting that "[s]overeign-citizen legal arguments . . . are indisputably

9

meritless")); *Hughes v. Shannon*, 2021 WL 1093110, at *5 (N.D. Tex. Mar. 2, 2021) (Rutherford, J.); *see United States v. Weast*, 811 F.3d 743, 746, 746 n.5 (5th Cir. 2016).

"It is common for sovereign citizens to utilize particular frivolous theories." *Mack*, 2017 WL 6756667, at *3. However, "these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." *Id.* (citing *Mason*, 2016 WL 4398680, at *2). Consequently, courts routinely dismiss sovereign citizen claims—like those found in Davis's Complaint—as frivolous and without merit. *Davis*, 2021 WL 3353969, at *7; *Westfall*, 2018 WL 2422059, at *2; *see Berman v. Stephens*, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases).

Davis's filings are permeated with sovereign citizen claims, alleging this Court lacks jurisdiction because the federal government is not his sovereign. His claims are frivolous and devoid of any merit. Accordingly, the Court should deny Davis leave to amend his complaint and dismiss his claims against the Ocwen Defendants with prejudice.

## Sanctions Suggested

This is at least the seventh civil action Davis has filed in this court in the past year: *Davis v. LNU*, 3:21-cv-01552-C-BT; *Davis v. Texas et al.*, 3:21-cv-01562-B-BK; *Davis v. LNU*, 3:21-cv-01605-E-BN; *Davis v. LNU*, 3:21-mc-00133-E; *Davis v. Texas et al.*, 3:21-mc-00140-B; *Davis v. LNU*, 3:21-mc-00141-C-BT. In at least two other cases, the court recognized Davis attempted to bring sovereign-citizen

inspired claims with no "legal substance." *Davis v. LNU*, 3:21-cv-01605-E-BN (ECF No. 5); *see also Davis v. Texas et al.*, 3:21-cv-01562-B-BK (ECF No. 6). In an another, the court dismissed the case under Rule 41(b) because Davis failed to comply with a court order. *Davis v. LNU*, 3:21-cv-01552-C-BT (ECF No. 7).

While "the judicial system is generally accessible and open to all individuals," *Kaminetzky v. Frost Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995), "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants . . . *Pro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty.*, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

In view of Davis's history of filing meritless cases, the District Court should impose sanctions prohibiting Davis from filing future actions *pro se* in this court without first obtaining leave of the court. *Toon v. Wackenhut Corrs. Corp.*, 250 F.3d 950, 954 (5th Cir. 2001) (explaining that courts may issue an order prohibiting the filing of further lawsuits without obtaining leave of court as a sanction within its inherent power).

## Recommendation

For the reasons stated, the District Court should DISMISS this civil action. Additionally, or in the alternative, the District Court should GRANT the Ocwen Defendants' Motion to Dismiss under Rule 12(b)(6) without leave to amend.

Finally, the District Court should bar Davis from filing any case in this district unless: (a) he pays the full filing fee and (b) is represented by a licensed attorney admitted to practice in this Court, or he first obtains permission from a district judge or magistrate judge in this district to proceed *pro se*.

**SO RECOMMENDED**.

December 8, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).